UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILNER C. BAZELAIS JR.,

                Plaintiff,

        -against-                      22-CV-3374 (LTS)

RIKERS ISLAND CORRECTIONS CENTER      ORDER OF DISMISSAL
(D.O.C.), et al.,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated June 23, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff names as Defendants "Rikers Island Corrections Center (D.O.C.)" and "Attica Correctional Facility (RICC) – office of special investigations." (ECF 2, at 1.) He alleges that in October 2021, he was transported from Attica Correctional Facility to Rikers Island to attend a proceeding in the Kings County Supreme Court. At the time, Attica had disbursed from its "spendable fund" a check for $500.00 in Plaintiff's name, "which was transferred into the

possession of R.I.C.C. staff's property room at facility C.I.F.M."[2] (*Id*. at 3.) After Plaintiff made several requests to have the check retrieved from property and deposited into his inmate account at RICC, his "check fell into a non-negotiable and void status and could not be transferred into funds spendable into [his] inmate account." (*Id*.) Plaintiff asserts that because of "abuse and neglect" and failed communications between correction officials at Rikers and the New York State Department of Corrections and Community Supervision ("DOCCS"), his property and legal documents were mishandled, withheld, lost, or stolen. (*Id*. at 4.)

Plaintiff also asserts that he was subjected to "an ongoing series of deprivations and abuses stemming from 2017-18 detainments" at Rikers Island and while in the custody of DOCCS from 2018 to 2021. (*Id*. at 3-4.)

Plaintiff brings this action asserting that he was "forced into indigency[,] deprived of commissary privileges[, and] deprived of [his] right to use personal funds towards bail-bond." (*Id*. at 4.) He seeks the termination of the staff members involved in the alleged deprivations and monetary damages.

## DISCUSSION

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] Plaintiff may be referring to the Rikers Island Central Cashier ("RICC") and the Correctional Institution for Men ("CIFM"), which was the former name of the Eric M. Taylor Center at Rikers Island.

3

A.      **Plaintiff has not named defendants that are liable under Section 1983**

    1.      **Rikers Island**

Plaintiff's claims against Rikers Island must be dismissed because Rikers Island is not an entity that can be sued under the New York City Charter. This defendant is a jail operated by the New York City Department of Correction ("DOC"), which cannot be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against Rikers Island for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    2.      **Attica Correctional Facility**

Plaintiff's claims against Attica or its Office of Special Investigations must also be dismissed. Attica is a facility operated by DOCCS, which is an agency of the State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Because DOCCS is an arm of the State of New York, it is protected by Eleventh Amendment immunity that extends to its facilities such as Attica. *See Gardner v. Koeningsman*, No. 21-CV-10185, 2022 WL 1058498, at *2 (S.D.N.Y. Mar. 30, 2022); *White v. New York*, No. 19-CV-0543, 2019 WL 2578270, at *1 (S.D.N.Y. June 24, 2019). The Court therefore dismisses Plaintiff's claims against Attica because Plaintiff seeks monetary relief from a defendant that is immune from such relief and, therefore, the Court lacks subject matter jurisdiction.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.").

**B.      Plaintiff fails to state a claim for relief**

Even if Plaintiff had named proper defendants, he fails to state a claim for relief. A claim for deprivation of property is not recognized in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). "[T]he availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners). Thus, "even the intentional destruction of an inmate's property by a prison officer does not violate the Due Process Clause if the state provides that inmate with an adequate post-deprivation remedy." *Little v. Mun. Corp.*,

---

[3] Section 1983 also provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Neither Rikers Island nor Attica is a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of Section 1983 liability); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (noting that a correctional facility or jail is not a "person" within the meaning of Section 1983).

51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (New York state law provides pretrial detainees with an adequate post-deprivation remedy, that is, Section 9 of the Court of Claims Act).

To the extent Plaintiff seeks damages for the mishandling or loss of his property, he has not demonstrated that his available state remedies are in any way inadequate or inappropriate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990). Plaintiff's claim concerning the loss of his property is therefore dismissed for failure to state a claim on which relief can be granted.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, seeking monetary relief from a defendant that is immune from such relief, and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

---

[4] The Court does not address Plaintiff's conclusory assertion that he was subjected to a "series of deprivations and abuses" during his detention at Rikers Island in 2017-2018, and while in the custody of DOCCS in 2018-2021. He does not name any proper defendants and provides no facts in support of the alleged abuses. Nothing in this order, however, prevents Plaintiff from filing a new complaint against proper defendants concerning any unlawful violations that he suffered. The Court offers no opinion on the merits of any new complaint Plaintiff may file.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 18, 2022
           New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge